UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| GREGORY FRANCIS YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-391 TS |
| | ) | |
| TERRY SHEWMAKER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Gregory Francis Young, a *pro se* prisoner, filed a complaint alleging a cause of action under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Young alleges that Elkhart County Circuit Court Judge Terry Shewmaker violated his constitutional rights when he set an excessively high bail. *See* Pl. Compl. at 3 ("My civil rights were violated by Judge Shewmaker by setting my bond in an excessive amount for my current charges."). The Plaintiff contends that Judge Shewmaker is abusing his power by imposing excessive bail and sentences, and seeks $300,000 in damages.

A judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Setting bond is a function normally performed by a judge and is within the court's jurisdiction. *See Smith v. City of Hammond, Ind.*, 388 F.3d 304, 306 (7th Cir. 2004) (stating that a judge has "absolute immunity from liability for damages arising from judicial acts, and the setting of bail is one of them"). Therefore, Judge Shewmaker is immune from suit and the Plaintiff's Complaint must be dismissed as one that seeks monetary relief against a defendant who is immune from such relief.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on February 6, 2008.

> s/ Theresa L. Springmann
> THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT
> FORT WAYNE DIVISION